# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JEDD JACKSON GRIMES, # 274402, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *     CIVIL ACTION NO. 22-00199-CG-B |
| | * |
| STEVE BILLY, | * |
| | * |
|     Defendant. | * |

## REPORT AND RECOMMENDATION

Plaintiff Jedd Jackson Grimes,[1] an Alabama prison inmate confined at the Escambia County Jail, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1).[2] This action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

---

[1] Plaintiff listed his name as "Grimes Jedd Jackson" in the caption and body of the complaint, but he signed the complaint as "Jedd Grimes" (see Doc. 1 at 1, 5, 7), and the website for the Alabama Department of Corrections lists Plaintiff's name as Jedd Jackson Grimes. See http://www.doc.state.al.us/InmateHistory (last visited June 7, 2022).

[2] The docket reflects that when Grimes initiated this action, he neither paid the filing fee nor filed a motion to proceed without prepayment of fees.

## I. COMPLAINT (Doc. 1)

In his complaint, Grimes states that he is presently incarcerated for a 2016 conviction at the "Escambia County Court House Brewton Ala[bama,]"[3] for which he was sentenced to "10 split 3 with 5 years probation." (Id. at 6). Grimes also indicates that he has a May 12, 2022 conviction which forms the basis of a future sentence. (Id.). He lists the term of that sentence as "7 years V.O.P.[,]" and the expected end-of-sentence date as "2029." (Id.).

Grimes names Escambia County District Attorney Steve Billy as the sole Defendant and asserts claims against Defendant Billy for "ilegal sentence and misconduct!!!" (See id. at 5). Grimes explains his claims against Defendant Billy as follows: "Was sentenced to 10 split 3 5 years probation! Public Defender Ms White told me and my wife this was eligale sentence! But they didnt even addres it gave me 7 yrs on VOP! Case # 30CC-2011-000174.70."[4] (Id. at 4). Grimes states that the action complained occurred in 2016 at the Escambia County Courthouse in Brewton, Alabama. (Id. at 4-5). For relief, Grimes requests that the Court dismiss his

---

[3] Unless otherwise indicated by brackets, quoted language from the complaint is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

[4] Grimes alleges that Defendant Billy "would not let [his public defender] speak" to address the illegal sentence. (Doc. 1 at 4).

2

case, disbar Defendant Billy, investigate Defendant Billy's office, and award him a "monitary settlement." (Id. at 7).

## II. STANDARDS OF REVIEW

Grimes's complaint is before the undersigned pursuant to 28 U.S.C. § 1915A, which requires courts to perform a screening review of any civil complaint filed by a prisoner against a government official. See 28 U.S.C. § 1915A(a). Section 1915A states, in relevant part:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2) seeks monetary relief from a defendant who is immune from such relief.

Id. at § 1915A(a)-(b).

A claim is frivolous under § 1915A(b)(1) "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," or when its "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A claim is

3

frivolous as a matter of law if it is clear the defendant is immune from suit, id., if the plaintiff claims infringement of a legal right that clearly does not exist, id., or if an affirmative defense, such as a statute of limitations, would defeat the claim. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

Dismissals for failure to state a claim under § 1915A(b)(1) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint does not require detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Additionally, when a successful affirmative defense appears on the face of a complaint, dismissal

4

for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215 (2007).

A *pro se* pleading is "held to a less stringent standard than pleadings drafted by attorneys" and is liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, such pleadings still must provide factual allegations that "raise a right to relief above the speculative level." Saunders v. Duke, 766 F.3d 1262, 1266 (11th Cir. 2014) (quotation omitted).

## III. DISCUSSION

### A. Grimes's Claims Are Not Cognizable Under § 1983.

As best the Court can discern, Grimes appears to assert that his 2016 sentence to "10 split 3 with 5 years probation" is illegal. (See Doc. 1 at 4-6). Grimes does not explain the basis for his assertion other than that his public defender told him so. (See id. at 4). Grimes seeks to hold Defendant Billy responsible for his allegedly illegal sentence, and he requests that the Court dismiss his criminal case, disbar Defendant Billy, investigate the Escambia County District Attorney's office, and award him a "monitary settlement." (See id. at 4-5, 7). Under well-settled law, the claims raised by Grimes regarding the legality of his sentence provide no basis for relief because a plaintiff in a § 1983 action, like Grimes, may not seek monetary damages or declaratory or injunctive relief which would collaterally

5

undermine a criminal conviction or sentence. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Edwards v. Balisok</u>, 520 U.S. 641, 643 (1997).

In <u>Preiser</u>, the Supreme Court "concluded that a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005) (quoting <u>Preiser</u>, 411 U.S. at 482, 489). "Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983." <u>Abella v. Rubino</u>, 63 F.3d 1063, 1066 (11th Cir. 1995) (per curiam).

In <u>Heck</u>, the Supreme Court "held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." <u>Balisok</u>, 520 U.S. at 643 (quoting <u>Heck</u>, 512 U.S. at 487).[5] Stated

---

[5] In <u>Heck</u>, the Supreme Court stated that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

6

another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kenma, 523 U.S. 1, 21 (1998) (Ginsburg, J., concurring) (quoted in Harden v. Pataki, 320 F.3d 1289, 1295 (11th Cir. 2003)). The principles espoused in Heck also apply to revocations of probation and to revocations and denial of parole. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (denial of parole); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995) (revocation of probation); Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (revocation of parole).

Given the nature of Grimes's claims, a grant of the relief he requests would necessarily imply the invalidity of his sentence. Grimes does not assert that his conviction or sentence have been

---

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87.

reversed, expunged, set aside, or otherwise called into question. Therefore, his claims for injunctive relief and monetary damages, based on his allegations of prosecutorial misconduct and an illegal sentence relating to the sentence imposed in 2016, are not cognizable under 42 U.S.C. § 1983. See Balisok, 520 U.S. at 648. Because Grimes's claims are not cognizable under § 1983, his complaint is legally frivolous and fails to state a claim upon which relief may be granted. It is therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915A(b)(1).

**B. Defendant Billy is Immune from Grimes's Claims for Damages Under § 1983.**

Even if Grimes's claims were not frivolous based upon the principles set forth above, this action would still be subject to dismissal because Defendant Billy's role as a prosecutor entitles him to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, Georgia, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before

8

the court, including examining witnesses and presenting evidence." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (internal citations omitted); see also Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009) (stating that prosecutors "are immune for appearances before a court and conduct in the courtroom").

Here, Grimes is complaining about actions taken by Defendant Billy in pursuing a criminal prosecution. None of Grimes's allegations suggest that Defendant Billy acted beyond his function as prosecutor. See Lacey v. Thompson, 2020 U.S. Dist. LEXIS 247178, at *6, 2020 WL 8167355, at *3 (N.D. Ala. Dec. 3, 2020) (holding that absolute prosecutorial immunity prevented plaintiff from pursuing § 1983 claims against district attorney for proposing an illegal sentence, which the judge adopted), report and recommendation adopted, 2021 U.S. Dist. LEXIS 6164, 2021 WL 124456 (N.D. Ala. Jan. 13, 2021). Accordingly, Defendant Billy is entitled to prosecutorial immunity with respect to Grimes's § 1983 claims against him.

**C. Granting Grimes Leave to Amend Would be Futile.**

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Therefore, a prisoner generally must be given an opportunity to amend his complaint. Dollar v. Coweta Cty. Sheriff Off., 446 F. App'x 248,

250 (11th Cir. 2011) (per curiam). However, if amendment would be futile, a court may deny leave to amend. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

As detailed above, Grimes's § 1983 claims against Defendant Billy based on Grimes's allegedly illegal sentence are plainly barred by Preiser, Heck, and their progeny, and by prosecutorial immunity. Thus, any amendment would be futile, and Grimes should not be granted leave to amend.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b), because Grimes's complaint is frivolous, fails to state a claim upon which relief may be granted, and seeks monetary relief against a defendant immune from such relief.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **June, 2022.**

                                                            /s/ SONJA F. BIVINS
                                        **UNITED STATES MAGISTRATE JUDGE**